UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL POPOV, | Case No. 1:12 CV 169 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | |
| LITTON LOAN SERVICING, LP, *et al.*, | |
| | MEMORANDUM OPINION |
| Defendants. | |

This matter is before the Court on Defendant Lerner, Sampson & Rothfuss's Motion to Dismiss Plaintiff's Complaint (ECF #7), and the Motion of Defendants Litton Loan Servicing, LP and Ocwen Loan Servicing, LLC, to Dismiss Plaintiff's Complaint (ECF #8). For the reasons that follow, Defendants' Motions to Dismiss are GRANTED.

**PROCEDURAL AND FACTUAL BACKGROUND**

On December 8, 2011, Plaintiff Paul Popov ("Plaintiff" or "Mr. Popov"), filed suit in the Cuyahoga County Court of Common Pleas against Litton Loan Servicing, LP ("Litton"), Ocwen Loan Servicing, LLC ("Ocwen"), and Lerner, Sampson & Rothfuss ("LSR") (collectively, "Defendants"), for Fair Debt Collections Practices Act and Ohio Consumer Sales Practices Act violations. (Compl., ECF No. 1-1) The action was removed to this Court on January 24, 2012. (ECF No. 1)

The events leading up to this case began in May of 2009 when LSR filed a foreclosure complaint against Plaintiff on behalf of Deutsche Bank National Trust Company ("Deutsche"), as Trustee under the Pooling and Servicing Agreement dated December 1, 2006, GSAMP Trust 2006-

FM3. (Compl., ¶¶ 6-7) *See Deutsche Bank National Trust Co. v. Paul Popov,* No. 09-cv-691971 (Cuyahoga County, Ohio filed May 6, 2009) ("State Court Action"). Prior to the foreclosure complaint being filed, Shellie Hill, an employee of LSR, executed an assignment of Mr. Popov's mortgage to Deutsche, dated May 4, 2009. (Compl., ¶¶ 10-11) Despite this assignment, the note attached to the complaint filed in the State Court Action indicated that Freemont Investment and Loan was the holder of the note, not Deutsche. (Compl., ¶ 8) As such, on October 7, 2011, Deutsche's State Court Action was dismissed because Deutsche was not the real party in interest, lacked standing to prosecute the case and thereby failed to invoke the jurisdiction of the Court. (Compl., ¶ 9)

On December 8, 2011, Mr. Popov filed the instant suit against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345.02. (Compl., ¶¶ 16-32) Plaintiff bases this action on the fact that Deutsche did not own the Plaintiff's note, and therefore had no right to enforce it, or any other lien upon Plaintiff's property. (Compl., ¶ 15) Defendants were the servicing agents, and law firm representing Deutsche. (Compl., ¶¶ 2-4)

The Complaint contains two counts. In count one, Mr. Popov alleges that Defendants violated the FDCPA by misrepresenting the character, amount and legal status of the Plaintiff's debt. (Compl., ¶ 22) Additionally, Plaintiff alleges Defendants violated the FDCPA by threatening to and foreclosing on Plaintiff's home, when Deutsche had no right to enforce the note or take possession of the property. *Id*. In count two, Mr. Popov first alleges that Defendants violated the OCSPA by committing an unfair or deceptive act or practice in connection with a consumer transaction. (Compl., ¶¶ 27-30) Second, Mr. Popov alleges that Defendants violated the OCSPA by making false or misleading representations to Plaintiff which were unfair and deceptive practices in violation of

O.R.C. 1345.02(B)(10). *Id*.

## LAW AND ANALYSIS

### I. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.) In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *See Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)*; Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## II. ANALYSIS

The issue in this case is whether the applicable statutes of limitations to Mr. Popov's claims have been surpassed.  For the reasons stated below, the Court finds that the applicable statutes of limitations have been surpassed, and Plaintiff's claims should be dismissed.

### A. Paul Popov's FDCPA Claims are Time-Barred.

Popov alleges two violations of the FDCPA.  First, Popov alleges a violation of 15 U.S.C.§ 1692(e), which provides:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. [including, without limitation]... (2) The false representation of– (A) The character, amount, or legal status of any debt.
>
> 15 U.S.C. §1692(e).

Second, Popov alleges that Defendants violated 15 U.S.C. §1692(f), which provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt [including without limitations] (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law...
>
> 15 U.S.C. §1692(f).

Plaintiff alleges in his complaint that "Defendants violated the FDCPA by misrepresenting the character, amount and legal status of the Plaintiff's debt, and by threatening to and foreclosing

on the Plaintiff's home..." (Compl., ¶ 3)  Specifically, Plaintiff alleges that Defendants violated the FDCPA when they filed a foreclosure action against Plaintiff. (Compl., ¶22)  The foreclosure action was filed May 6, 2009, and service was perfected on May 19, 2009. *Deutsche Bank National Trust Co. v. Paul Popov,* No. 09-cv-691971 (Cuyahoga County, Ohio filed May 6, 2009).

Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). The Sixth Circuit has not yet "answer[ed] whether the FDCPA's one-year clock started when [the defendant] filed its suit or when it served [the plaintiff]." *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010).  The answer of this question has no impact on the instant action however, as the State Court Docket indicates that the complaint was filed on May 6, 2009, and service was perfected on Paul Popov, on May 19, 2009. *Deutsche Bank National Trust Co. v. Paul Popov,* No. 09-cv-691971 (Cuyahoga County, Ohio filed May 6, 2009). The instant action was not filed until December 8, 2011, and therefore, both the date of the filing of the complaint, and the date of service fall outside of the one year statute of limitations.

**B. Paul Popov's OCSPA Claims are Time-Barred**

Plaintiff alleges that Defendants were the servicing agents and law firm that represented Deutsche. (Compl., ¶¶ 2-4) Plaintiff then alleges that Deutsche did not own Plaintiff's note and therefore, had no right to enforce Plaintiff's note, or any lien upon Plaintiff's property. (Compl., ¶ 15)  As such, Popov alleges two violations of the OCSPA.  First, Mr. Popov alleges a violation of O.R.C. 1345.02 by Defendants for use of an unfair or deceptive act or practice before, during or after a consumer transaction. (Compl., ¶ 27)   Second, Mr. Popov alleges that Defendants violated O.R.C.§1345.02(B)(10), by falsely representing to the Plaintiff that a legal obligation existed to Defendants' clients. (Compl., ¶ 29)

Claims under the OCSPA "may not be brought more than two years after the occurrence of the violation which is the subject of suit..." O.R.C. §1345.10(C). In his complaint, Plaintiff fails to state with specificity, exactly when he alleges the violation took place.  However, Plaintiff does make the following claims in his Opposition Briefs:

> Defendant LSR made the false statement **in the foreclosure complaint** that its client was the 'holder' of Paul Popov's note.
>
> Opposition EFC No. 13 at p. 2. Emphasis added.
>
> The false statement **in the foreclosure complaint** that the trust was the 'holder' of Paul Popov's note is actionable under both the Fair Debt Collection Practices Act and Ohio Consumer Sales Practices Act.  Defendants made this false statement in the attempt to collect a debt that was not owed to the trust and that Defendant Litton Loan Servicing, LP had no right to collect payments on.
>
> Opposition EFC No. 14 at p 3.  Emphasis added.

It is clear that Plaintiff is alleging that the violation occurred at the time of the filing of the State Court Action, May 6, 2009. *Deutsche Bank National Trust Co. v. Paul Popov,* No. 09-cv-691971 (Cuyahoga County, Ohio filed May 6, 2009).  The instant action was filed December 8, 2011, more than two years after the alleged violation.

**C. The Statute of Limitations is Not Tolled for Popov's Claims**

Generally, Courts have held that a governing statute of limtiations is not to be extended "by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000).  There are certain narrowly tailored exceptions to this rule however, which allow a statute to be tolled so as to prevent inequity. *Pace v. DiGuglielmo,* 554 U.S. 408, 418 (2005); *Ruth v. Unifund CCR Partners*, 2009 U.S. Dist. WL 585847 at *7.

In the instant case, Mr. Popov contends that the prosecution of the lawsuit, and all the proceedings therein, amount to a continuing violation, and thus should toll the statutes of limitations.

Specifically, Popov contends that the filing of a Brief in Opposition to Popov's motion to dismiss, which asserted the same claim as the initial complaint, constituted a new violation.

Popov, however, fails to cite any case or authority that would support the proposition that the regular prosecution of the State Court Action amounted to a new FDCPA or OCSPA violation for purposes of tolling the statute of limitations.  Specifically, Mr. Popov fails to argue that the Brief in Opposition filed by Defendants, which he alleges constitutes a continuing violation, contained any new or unique misrepresentation, that would amount to a violation under the FDCPA or OCSPA, separate from what was previously misrepresented in the initial complaint.

The Court addressed a factually similar situation in *McNerney v. Mortgage Electronic Registration Systems, Inc.*, 09-CV-2625, 2010 U.S. Dist. WL 3222044 (N.D. Ohio Aug. 13, 2010). The Court in *McNerney* found that merely "maintaining a lawsuit (as distinct from instituting one) is not, in and of itself, a continuing violation...." *Id*. at *7.  The only date within the statute of limitations that Plaintiff offers is the date Defendants filed a Brief in Opposition to a Motion to Dismiss.  Clearly, the filing of a Brief in Opposition amounts to nothing more than merely maintaining a lawsuit.  With no additional facts of a continual violation, the Court finds that a continuing violation theory does not apply to Plaintiff's claims.

Therefore, assuming the facts as alleged in the complaint are true, both the FDCPA and the OCSPA violations occurred either when the State Court Action was filed on May 6, 2009, or when it was properly served on May 19, 2009.  The instant action was filed December 8, 2011, more than two years after any alleged violation.  Accordingly, the FDCPA and OCSPA claims are barred by their respective statutes of limitations.  *See* 15 U.S.C. §1692(k), *and,* O.R.C. §1345.10(C).

### III. CONCLUSION

Plaintiff's complaint pursues causes of action pursuant to the FDCPA and the OCSPA.  Both

causes of action were filed outside of the applicable statutes of limitations. Accordingly, Plaintiff's claims are time-barred and Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted pursuant to Fed. R. Civ. P 12(b)(6) is GRANTED. Plaintiff's claims are DISMISSED. IT IS SO ORDERED.

                                      *Donald C. Nugent*
                                      DONALD C. NUGENT
                                      UNITED STATES DISTRICT JUDGE

DATE: October 30, 2012